IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GUY RICHMOND, #191-593,      : | |
|                    Plaintiff      : | |
|                                            : | |
| v.                                        : | CIVIL ACTION NO. RDB-06-358 |
|                                            : | |
| MCTC WARDEN, *et al.,*      : | |
|                    Defendants  : | |

**MEMORANDUM**

Plaintiff, a frequent prisoner litigator, has filed more than sixty cases in this Court in the past fifteen years. Here, he seeks unspecified damages and alleges (1) that the Honorable William M. Nickerson, a member of this Court, improperly ruled against him in previous actions; and (2) as a result of those decisions, he has been denied adequate health care for an ongoing bout of pneumonia which, according to Plaintiff, has caused him to develop diabetes. The complaint will be dismissed pursuant to this Court's authority under 28 U.S.C. § 1915(g).

The "Prison Litigation Reform Act" or "PLRA," signed into law on April 26, 1996, redesignated former 28 U.S.C. § 1915(d) as § 1915(e) and amended § 1915(e)(2) to state that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal --
>     (I)    is frivolous or malicious;
>     (ii)   fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

In addition, the PLRA added a new subsection (g) to § 1915 which mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury. Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.[1]

On at least three occasions, Plaintiff has been granted *in forma pauperis* status in cases that were dismissed as frivolous.[2] Given these "strikes" and the fact that Plaintiff's instant allegations do not show that he truly is in imminent danger of serious physical injury,[3] this action shall be dismissed pursuant to § 1915(g). Plaintiff shall be denied leave to proceed *in forma pauperis*. He may, however, resume any claims dismissed under § 1915(g), if he chooses to pursue them, under the fee provisions of 28 U.S.C. § 1914. A separate Order shall be entered in accordance with the opinion set forth above.


February 21, 2006                          /s/
     Date                                    RICHARD D. BENNETT
                                             UNITED STATES DISTRICT JUDGE

---

[1] Of course, this provision does not preclude an inmate from prepaying the full $250.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

[2] *See Richmond v. Waters,* Civil Action No. WMN-97-194 (D. Md. 1997); *Richmond v. Sacchet,* Civil Action No. WMN-98-3171 (D. Md. 1998); and *Richmond v. Sacchet*, Civil Action No. WMN-98-3275 (D. Md. 1998).

[3] To the extent that Plaintiff wishes to complain about a failure to treat a current bout of pneumonia, he may do so by filing a separate complaint limited to that issue and naming specific medical care providers as party defendants.